IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

                                    ORDER

                                    09-cr-111-bbc-1

        v.

COREY WEBSTER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Corey Webster's supervised release was held on January 29, 2020, before U.S. District Judge Barbara B. Crabb. Assistant U.S. Attorney Laura A. Przybylinski Finn appeared for the government. Defendant was present in person and by defense counsel, Steven W. Zaleski. U.S. Probation Officer Catherine Cwirla was also present.

From the record, I make the following findings of fact.


FACTS

On December 30, 2009, defendant was sentenced following his conviction for distribution of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 851, a Class C felony. Defendant was sentenced to a custodial sentence of 151 months, to be followed by six years of supervised release.

In 2012, defendant filed a motion to vacate his original sentence under 28 U.S.C. § 2255, contending that he had been denied the effective assistance of counsel when he entered his guilty plea. The motion was granted on June 1, 2012. The original judgment was vacated and his term of supervised release was reduced to three years on June 5, 2012.

On February 10, 2015, the court reduced defendant's 151-month sentence of imprisonment to 130 months under 18 U.S.C. § 3582(c)(2), which allows a reduction in the term of imprisonment when the applicable guideline sentencing range has been lowered and made retroactive by the United States Sentencing Commission. 28 U.S.C. § 994(u). Defendant's term of supervised release remained three years. He began his term of supervised release on July 19, 2019.

Defendant violated Standard Condition No. 4. Under this condition, plaintiff was to work at a regular lawful occupation. If he was unable to find such an occupation, he was required to perform up to 20 hours of community service each week and participate in training, counseling, daily job search or other activities relating to finding or preparing for employment, as directed by the supervising probation officer. He did not obtain the required employment before his appearance for his initial judicial review hearing in November 2019, although the supervising probation officer had provided him employment and educational resources and offered him assistance with job applications. Defendant reported working "odd jobs" for cash but failed to provide proof of this income or any verification of work.

Following the postponement of his judicial review hearing in November 2019,

defendant obtained employment at a warehouse through a temporary employment agency, but he quit after several weeks without arranging for other employment. In January 2020, defendant reportedly gained employment at a snow removal company; however, the legitimacy of the company is questionable, as there are no online records and defendant expects to be paid in cash.

Defendant also violated Special Condition No. 6, requiring him to abstain from the use of alcohol and illegal drugs, refrain from associating with drug users and sellers and participate in substance abuse treatment and testing as directed. On July 30, 2019, he provided a urine specimen that tested positive for marijuana metabolite and d-methamphetamine. On twelve occasions in 2019, defendant submitted urine specimens that tested positive for marijuana: August 8, 14, 21 and 23; September 5, 10, 20 and 26; October 9, 18 and 30; and December 5. Laboratory analysis confirmed that three of defendant's September 2019 urine specimens also contained d-methamphetamine. Additionally, on November 13, 2019, and December 23, 2019, defendant submitted urine specimens that contained marijuana and d-methamphetamine, as confirmed by laboratory analysis. Defendant failed to appear for urinalysis testing on November 25, December 2 and December 28, 2019.

Although under 18 U.S.C. §§ 3583(g)(3) and (4), revocation becomes mandatory when a defendant fails to comply with drug testing imposed as a condition of supervised release or when a defendant tests positive for illegal controlled substances more than three times over the course of one year, I am persuaded that defendant should have one last

opportunity to demonstrate that he can abstain from drug use and obtain employment.

CONCLUSIONS

After reviewing the written submissions of the probation office and considering the arguments of the parties and defendant's statements, I have decided to reserve a final ruling on the petition for revocation of defendant's supervised release and afford defendant one more opportunity to demonstrate that he can comply with the conditions of his supervised release.

ORDER

IT IS ORDERED that a hearing on the proposed revocation of defendant Corey Webster's term of supervised release originally imposed on December 30, 2009, and later amended on June 5, 2012, and again on February 10, 2015, is DEFERRED until April 29, 2020, at 1:00 p.m.  If defendant engages in drug use or fails to obtain employment or to make reasonable efforts to obtain employment, the court will hold a hearing before April 29, 2020 to consider revocation of defendant's supervised release and the imposition of a custodial sentence.

Entered this 29th day of January, 2020.

BY THE COURT:

/s/_____
BARBARA B. CRABB
District Judge